**ALEXANDER KRAKOW + GLICK LLP**
Marvin E. Krakow (State Bar No. 81228)
Michael S. Morrison (State Bar No. 205320)
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811
E: mkrakow@akgllp.com; mmorrison@akgllp.com;

Attorneys for Plaintiff JOSHUA COBB, individually and on
behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COBB, as an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV, LLC; AT&T Services, Inc.; and DOES 1-25,Inclusive, <br><br> Defendants. | Case No.:  4:16-cv-5964 <br><br> CLASS ACTION (FRCP 23) <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **FAILURE TO PAY ALL WAGES EARNED AND MIN. WAGE VIOLATIONS (CAL. LABOR CODE §§ 216, 1194, 1194.2 & 1197);** <br><br> 2. **FAILURE TO PAY OVERTIME COMP. (CAL. LABOR CODE § 1194);** <br><br> 3. **FAILURE TO PAY MEAL PERIOD COMP. (CAL. LABOR CODE §§ 226.7 & 512);** <br><br> 4. **FAILURE TO PAY REST PERIOD COMP. (CAL. LABOR CODE § 226.7 & CAL. CODE REGS., TIT. 8, § 11040, subd. 12(A));** <br><br> 5. **WAITING TIME PENALTIES (CAL. LABOR CODE § 203);** <br><br> 6. **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LABOR CODE § 226); AND** |

- 1 -

7. **UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200, et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSHUA COBB ("PLAINTIFF"), as an individual and on behalf of himself and all others similarly situated complains and alleges on information and belief the following against DIRECTV, LLC, ("DIRECTV"), AT&T Services, Inc., ("AT&T") and DOES 1 through 25 (collectively, "DEFENDANTS"):

## INTRODUCTION

1.      This case arises out of DEFENDANTS' systemic, company-wide unlawful treatment of PLAINTIFF and similarly situated individuals employed and working in the State of California as Installers (also referred to as PLAINTIFF CLASS). Installers work throughout California installing DEFENDANTS' equipment and providing other services for DEFENDANTS' customers.

2.      DEFENDANTS fail to pay Installers the applicable state minimum wages for all hours worked. Until December 31, 2015, DEFENDANTS only compensated Installers on a piece-rate basis for installation work. The amount of compensation depended on the services and equipment provided during the installation. Thus, Installers were paid a flat-fee for installations, which only varied based upon the items installed and is not at all derivative of how many hours the Installer worked. Installers were not compensated for non-piece rate work- i.e. the time they were otherwise under DEFENDANTS' control but were not working on installations.

3.      In *Gonzalez v. Downtown L.A. Motors,* 215 Cal. App. 4th 36, 49-50 (2014), the court held that employees paid on a piece-rate system must be separately compensated for non-piece work in order to comply with California's minimum wage statutes. Averaging wages over the workweek to meet minimum wage obligations is not permitted under the California Labor Code.

4.      On January 1, 2016, DEFENDANTS began paying Installers on an hourly basis but failed to compensate Installers for all hours worked or properly compensate them for overtime

- 2 -

hours. DEFENDANTS instruct Installers to track their time worked through an online timekeeping system. Installers are not compensated for the first hour of "excess commute" time before their first installations of the day, or the first hour of "excess commute" time after their final installations of the day, despite the fact that Installers regularly perform work tasks, are under the control of DEFENDANTS, and have severe limitations on the personal activities they can pursue.

5.      California law prescribes that it is an automatic minimum wage violation when an employee works but is not compensated for each and every hour worked. *See Armenta v. Osmose, Inc.* 215 Cal. App. 4th 314, 323-324 (2005). "'Hours Worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs., tit. 8, § 11040, subd. 2(K). Time "subject to the control of an employer" is compensable, regardless of whether the employee is "suffered or permitted to work." *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582 (2000).

6.      PLAINTIFF brings this action under California minimum wage and overtime statues and regulations and California's unfair competition laws. More specifically, PLAINTIFF asserts that he and the PLAINTIFF CLASS are entitled to unpaid wages, including unpaid overtime wages, compensation for missed meal and rest periods, and all applicable statutory damages, liquidated damages, and penalties.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over PLAINTIFF and PLAINTIFF CLASS' (referred to collectively as PLAINTIFFS) claims pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000 and (c) at least one member of the PLAINTIFF CLASS and DEFENDANTS are citizens of different states. The Court has supplemental jurisdiction over the state labor law and unfair competition claims pursuant to 28 U.S.C. § 1367.

8.      DEFENDANTS are subject to personal jurisdiction as corporations conducting substantial and continuous commercial activities in California. This case arises from

- 3 -

1   DEFENDANTS' wrongful conduct in California, where DEFENDANTS employed PLAINTIFF
2   and members of the proposed PLAINTIFF CLASS.

3       9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial
4   part of the events and omissions giving rise to members of the PLAINTIFF CLASS' claims
5   occurred in this district. Additionally, DEFENDANTS are deemed to reside in this district under
6   1391(c) because they are subject to personal jurisdiction in the district.

7       10.     Intradistrict assignment: Assignment to the San Francisco/Oakland District is
8   proper because DEFENDANTS employed members of the PLAINTIFF CLASS in Alameda
9   County.

10                                   **<u>PARTIES</u>**

11      9.      PLAINTIFF is a current employee of DEFENDANTS and a citizen of California,
12  and worked and continues to work for DEFENDANTS as an Installer.

13      10.     Defendant DIRECTV, LLC is a limited liability company organized and existing
14  under the laws of the state of California. Plaintiff is informed and believes, and thereon alleges,
15  that DIRECTV, LLC's corporate headquarters are located at 2260 Imperial Highway, El
16  Segundo, CA 90245.

17      11.     Defendant AT&T Services, Inc. is a corporation organized and existing under the
18  laws of the state of Delaware. Plaintiff is informed and believes, and thereon alleges, that AT&T
19  Services, Inc.'s corporate headquarters are located at 208 S. Akard St., Dallas, Texas 75202.

20      12.     PLAINTIFF is informed and believes that AT&T purchased DIRECTV, LLC in or
21  around May 2014. AT&T Services, Inc. is the only successor in interest and liability to all
22  DIRECTV brand entities responsible for PLAINTIFF and the aggrieved employees' employment
23  during the limitations period, including but not limited to DIRECTV Home Services, Inc.

24      13.     Section 2(H) of Industrial Welfare Commission ("IWC") Wage Order Number 4-
25  2001 defines an "employer" as any "person as defined in Section 18 of the [California] Labor
26  Code, who directly or indirectly, or through an agent or any other person, employs or exercises
27  control over the wages, hours, or working conditions of any person."  PLAINTIFF is informed,
28  believes, and alleges that DEFENDANTS directly, indirectly, or acting through the agency of

- 4 -

each other, employ or exercise control over the wages, hours, or working conditions of PLAINTIFF and the rest of the PLAINTIFF CLASS.  Furthermore, on information and belief, a centralized payroll and accounting system is used to pay the wages of PLAINTIFF and all members of the PLAINTIFF CLASS at all DEFENDANTS' locations in California.  Specifically, DEFENDANTS pay the wages and other benefits of all PLAINTIFF CLASS members and direct and control, with the assistance of or though the other named DEFENDANTS, the terms and conditions of all PLAINTIFF CLASS members' employment.  Accordingly, DEFENDANTS are deemed joint employers of PLAINTIFF and the rest of the PLAINTIFF CLASS.

14.     DEFENDANTS are additionally deemed joint employers of PLAINTIFF and members of the PLAINTIFF CLASS because: (1) DIRECTV, LLC is the entity listed on PLAINTIFF and members of the PLAINTIFF CLASS' wage statements; (2) PLAINTIFF and members of the PLAINTIFF CLASS' job duties are governed in part by policies and procedures promulgated by AT&T; (3) PLAINTIFF drives a van and wears a uniform with the AT&T insignia; and (4) PLAINTIFF and members of the PLAINTIFF CLASS take directions from and are supervised by AT&T's employees.

15.     DEFENDANTS also constitute an integrated enterprise because there is an interrelation of operations, common management, centralized control of labor relations, and common financial control.  Specifically, PLAINTIFF is informed and believes and thereon alleges that: each of the DEFENDANTS have a right to control the job duties of PLAINTIFF and the PLAINTIFF CLASS; each of the DEFENDANTS share a common human resources and use the same payroll services; and each of the DEFNDANTS share and control the operations that instruct PLAINTIFF and members of the PLAINTIFF CLASS.

16.     The true names and capacities of Defendants named as DOES 1-25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who therefore sues such Defendants by such fictitious names.  PLAINTIFF will amend this Complaint to show true names and capacities when they have been determined.

17.     At all times mentioned, DEFENDANTS, and each of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries, and/or affiliates, each of the

other and, at all pertinent times, were acting within the course and scope of their authority as such agents, representatives, employees, successors, assigns, parents, subsidiaries, and/or affiliates. PLAINTIFF also alleges that DEFENDANTS were, at all relevant times, the alter egos of each other.  All references made to DEFENDANTS herein is intended to include all of the named Defendants as well as the DOE Defendants.  Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused PLAINTIFF's damages as well as damages of members of the PLAINTIFF CLASS.

## CLASS ACTION ALLEGATIONS

18.     PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The class that PLAINTIFF seeks to represent ("PLAINTIFF CLASS") is composed of and defined as follows:

**All persons who worked as Installers for DEFENDANTS in California at any time within four years prior to the initiation of this action until the present. (hereinafter the "CLASS" or "PLAINTIFF CLASS").**

19.     PLAINTFF CLASS is comprised of two sub-classes, the "PIECE-RATE CLASS" and the "HOURLY CLASS."

20.     The PIECE-RATE CLASS is composed of and defined as follows:

**All persons who worked as Installers for DEFENDANTS in California at any time within the four years prior to the initiation of this action until December 31, 2015 who were paid on a piece-rate basis.**

21.     The HOURLY CLASS is composed of and defined as follows:

**All persons who worked as Installers for DEFENDANTS in California at any time within the four years prior to the initiation of this action until present who were paid on an hourly basis.**

22.     Members of the PLAINTIFF CLASS are so numerous that joinder of all members would be unfeasible and impracticable.  The membership of each class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS.

- 6 -

23.     There are common questions of law and fact as to members of the PLAINTIFF CLASS which predominate over questions affecting only individual members, including, without limitation:

A.     Whether DEFENDANTS denied PLAINTIFF and the PLAINTIFF CLASS all of the wages, including minimum and overtime wages, to which they were entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations;

B.     Whether DEFENDANTS failed to provide PLAINTIFF and members of the PLAINTIFF CLASS with meal and rest periods as required by law;

C.     Whether DEFENDANTS failed to provide PLAINTIFF and members of the PLAINTIFF CLASS with accurate itemized statements;

D.     Whether DEFENDANTS owe PLAINTIFF and the PLAINTIFF CLASS waiting time penalties pursuant to California Labor Code § 203;

E.     Whether DEFENDANTS engaged in unfair business practices under § 17200 of the California Business and Professions Code; and

F.     The effect upon and the extent of damages suffered by members of the PLAINTIFF CLASS and the appropriate amount of compensation.

24.     The claims PLAINTIFF pleads as class action claims are typical of the claims of all members of the PLAINTIFF CLASS as they arise out of the same course of conduct and are predicated on the same violation(s) of the law.  PLAINTIFF, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through his attorneys who are skilled and experienced in handling matters of this type.

25.     The nature of this action and the nature of the laws available to the PLAINTIFF CLASS make use of the class action format, a particularly efficient and appropriate procedure to afford relief to members of the PLAINTIFF CLASS.  Further, this case involves a corporate employer and a large number of individual employees possessing claims with common issues of law and fact.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to

- 7 -

1    exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior

2    financial and legal resources.  Requiring each class member to pursue an individual remedy

3    would also discourage the assertion of lawful claims by employees who would be disinclined to

4    pursue an action against their present and/or former employer for an appreciable and justifiable

5    fear of retaliation and permanent damage to their careers at present and/or subsequent

6    employment.  Proof of a common business practice or factual pattern, of which the named

7    PLAINTIFF experienced, is representative of the PLAINTIFF CLASS and will establish the right

8    of each of the members of the PLAINTIFF CLASS to recovery on these alleged claims.

9         26.    The prosecution of separate actions by the individual members of the PLAINTIFF

10    CLASS, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts

11    or adjudications with respect to the individual members of the PLAINTIFF CLASS against the

12    DEFENDANTS; and/or (b) legal determinations with respect to the individual members of the

13    PLAINTIFF CLASS which would, as a practical matter, be dispositive of the other class

14    members' claims who are not parties to the adjudications and/or would substantially impair or

15    impede the ability of class members to protect their interests.  Further, the claims of the individual

16    members of the PLAINTIFF CLASS are not sufficiently large to warrant vigorous individual

17    prosecution considering all of the associated concomitant costs and expenses.  PLAINTIFF is

18    unaware of any difficulties that are likely to be encountered in the management of this action that

19    would preclude its maintenance as a class action.

20         **FACTS COMMON TO THE PIECE-RATE CLASS**

21         27.    PLAINTIFF and members of the PIECE-RATE CLASS were employed as

22    Installers of DEFENDANTS' equipment and services in California. PLAINTIFF and members of

23    the PIECE-RATE CLASS were paid on unlawful piece-rate system.

24         28.    DEFENDANTS fail to pay Installers the applicable state minimum wage for all

25    hours worked.

26         29.    Until December 31, 2015, DEFENDANTS only compensated Installers on a piece-

27    rate basis for installation work. The amount of compensation depended on the services and

28    equipment provided during the installation. Thus, Installers were paid a flat-fee for installations,

- 8 -

1    which only varied based upon the items installed and was not at all derivative of how many hours

2    the Installer worked.

3           30.    When Installers were paid pursuant to DEFENDANTS' piece-rate formula, they

4    were not compensated for any work that arose outside the actual installation, also known as non-

5    piece rate work. This included time spent traveling, in weekly meetings, filling out paperwork, or

6    maintaining the installation van. This was so even though the aforementioned activities could

7    comprise significant portions of each Installer's day, and on some days, the majority of their work

8    time.  Although DEFENDANTS paid Installers a guaranteed, minimum amount of wages, the

9    guarantee did not specifically compensate Installers for non-piece rate work on days when their

10   piece-rate earnings exceeded the guarantee.  Thus, even with the guarantee, DEFENDANTS

11   failed to pay drivers the applicable minimum wage for all hours worked.

12          31.     DEFENDANTS did not compensate Installers for non-piece rate work even

13   though they were under the employer's control and were not free to perform non-work related

14   activities. Even though DEFENDANTS refused to compensate Installers for much of the work

15   Installers performed during the workday, Installers were still required to perform tasks that

16   benefit the employer.

17          32.    Until December 31, 2015, DEFENDANTS failed to give PLAINTIFF and

18   members of the PIECE-RATE CLASS rest periods in accordance with California law and failed

19   to compensate them for the legally deficient rest periods. Employees paid on a piece-rate system

20   must also be separately compensated for rest periods, which DEFENDANTS failed to do. *See*

21   *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864 (2013).

22          33.    DEFENDANTS failed to provide PLAINTIFF and members of the PIECE-RATE

23   CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5)

24   hours worked and to compensate them for these missed meal periods as required by law.

25          34.    Upon information and belief, DEFENDANTS did not have a policy which

26   authorized rest periods or meal periods in conformity with California law. Indeed,

27   DEFENDANTS did not inform PLAINTIFF or members of the PIECE-RATE CLASS that they

28   were entitled to meal and rest periods or that a meal period had to be taken within the first five

- 9 -

hours of the employee's shift. Moreover, DEFENDANTS dissuaded or discouraged the PIECE-RATE CLASS from taking legally compliant meal and rest periods by overloading their schedules with installations, making it nearly impossible for Installers to complete all assigned tasks in a timely fashion and take the required meal and rest periods.  Due to DEFENDANTS' practice, PLAINTIFF was unable to take a timely meal period at least half of the time. Members of the PIECE-RATE CLASS who did not complete all tasks assigned to them on time would face criticism and discipline. Moreover, despite knowing that meal or rest periods were missed or taken late, DEFENDANTS never compensated members of the PIECE-RATE CLASS with an extra hour of premium pay regardless of the reason the meal or rest period was missed or taken late.  With respect to meal periods, DEFENDANTS did not pay the meal period premium even though PLAINTIFF and members of the PIECE-RATE CLASS' time records revealed missed or late meal periods.

35.     DEFENDANTS failed to pay Installers all the overtime pay for which they are entitled. DEFENDANTS calculated overtime rates for Installers by weighting and averaging the mean compensation Installers received. However, because DEFENDANTS did not pay Installers for the non-piece rate hours they worked and Installers usually worked between 45 and 60 hours per week, DEFENDANTS failed to accurately assess how much is due in overtime wages to the Installers and, thus, failed to pay installers accurate overtime wages.

36.     Ultimately, DEFENDANTS' unlawful treatment of PLAINTIFF and the PIECE-RATE CLASS resulted in savings and benefits to themselves at the expense of their employees.

**FACTS COMMON TO THE HOURLY CLASS**

37.     PLAINTIFF and members of the HOURLY CLASS are employed as Installers of DEFENDANTS' equipment and services in California.

38.     Starting on January 1, 2015, DEFENDANTS began paying all Installers an hourly rate.  Despite changing to an hourly pay system, DEFENDANTS still fail to pay PLAINTIFF and the HOURLY CLASS the applicable state minimum wage for all hours worked.

39.     PLAINTIFF and members of the HOURLY CLASS are required to park the company vans at their homes, get their assignments from their homes, leave for their first

- 10 -

assignments from their homes, and return to their homes after their final assignments. PLAINTIFF and members of the HOURLY CLASS are not permitted to deter from their routes to and from their homes or allow passengers in the van.

40.     PLAINTIFF and the HOURLY CLASS must start their day by first logging into the timekeeping system under "excess commute." They then perform miscellaneous work tasks such as logging into the company tablet to see their first jobs, calling their first customers, notifying the ETA application of their estimated time of arrival for their first customers, answering any company emails, or filling the gas tank of their company vans. The first hour of "excess commute" time is uncompensated, including the time spent logging onto the company tablet, getting assignments, calling the first customer, etc., despite the fact that Installers are performing work during this time and are under the control of DEFENDANTS.

41.     After PLAINTIFF and the members of the HOURLY CLASS complete their final installations, they are again required to log their time as "excess commute" time. They are not compensated for the first hour of "excess commute" time on their drive home.

42.     DEFENDANTS do not compensate Installers when they are performing work prior to their first installations. DEFENDANTS do not compensate Installers for the time after their final installation despite the fact that Installers have severe restrictions with respect to using the company vans for personal use and therefore are not free to perform non-work related activities when they are en route to their homes.

43.     Any hour that an employee is suffered or permitted to work or that the employer knows or has reason to know the work is being performed by the employee, is compensable time under Wage Order 4(E). Installers regularly perform work tasks during time labeled "excess commute" and are uncompensated for that time.

44.     "'Hours Worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs., tit. 8, § 11040, subd. 2(K). Time "subject to the control of an employer" is compensable, regardless of whether the employee is "suffered or permitted to work."

- 11 -

45.     DEFENDANTS often fail to provide PLAINTIFF and members of the HOURLY CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them for these missed meal periods as required by law. DEFENDANTS failed to inform PLAINTIFF and members of the HOURLY CLASS that they are required to take meal periods within five hours worked.

46.     DEFENDANTS dissuade or discourage the HOURLY CLASS from taking legally compliant meal periods by overloading their schedules, making it nearly impossible for Installers to complete all assigned tasks in a timely fashion and take the required meal periods within the first five hours worked.  Specifically, DEFENDANTS often assign multiple hour morning trainings or "huddles," or stack installations back to back.  Due to DEFENDANTS' practice, PLAINTIFF is unable to take timely meal breaks at least once per week, including on October 11, 2016 and October 4, 2016. PLAINTIFF and members of the HOURLY CLASS who did not complete all tasks assigned to them on time face criticism and discipline. Moreover, despite knowing that meal periods are missed or taken late, DEFENDANTS never compensate members of the HOURLY CLASS with an extra hour of premium pay regardless of the reason the meal or rest period was missed or taken late.   With respect to meal periods, DEFENDANTS do not pay the meal period premium even though PLAINTIFF and members of the PIECE-RATE CLASS' time records revealed missed or late meal periods.

47.     "[California] Labor Code section 512 requires a first meal period no later than the end of an employee's fifth hour of work." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041(2012). DEFENDANTS do not, as a matter practice, allow HOURLY CLASS members to take their lawful meal periods within the required time period.

48.     DEFENDANTS fail to pay PLAINTIFF and members of the HOURLY CLASS all the overtime pay for which they are entitled. DEFENDANTS require Installers to log time spent in employee trainings, or "huddles," as "uptraining." "Uptraining" is not factored into Installers' total daily or weekly hours worked for purposes of computing overtime pay. Thus PLAINTIFF or members of the HOURLY CLASS are not paid overtime hours if they accrue more than eight hours of work per day, or 40 hours of work per week, due to their "uptraining"

- 12 -

hours. Moreover, to the extent any unpaid time (as described above) constitutes overtime, DEFEDANTS fail to pay all overtime wages earned by the HOURLY CLASS.

49.     Ultimately, DEFENDANTS' unlawful treatment of PLAINTIFF and the HOURLY CLASS resulted in savings and benefits to themselves at the expense of their employees.

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PAY FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS**

### **(LABOR CODE SECTIONS 1194, 1194.2 and 1197)**

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS, including the PIECE-RATE CLASS and the HOURLY CLASS, against DEFENDANTS.

9.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in the paragraphs set forth above.

10.     PLAINTIFF brings this action to recover unpaid compensation for all hours worked, defined by the applicable IWC Wage Order as the time during which an employee is subject to the control of the employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

11.     DEFENDANTS failed to compensate PLAINTIFF and the PIECE-RATE CLASS for labor performed in excess of 40 hours in a week.  DEFENDANTS' conduct violates, inter alia, Labor Code sections 1194, 1194.2 and 1197.

12.     California law prescribes that it is an automatic minimum wage violation when an employee works but is not compensated for each and every hour worked.  *See Armenta v. Osmose, Inc*, 215 Cal. App. 4th 314, 323-324 (2005).  In *Gonzalez v. Downtown L.A. Motors*, 215 Cal. App. 4th 36, 49-50 (2014), the court held that employees paid on a piece-rate system must be separately compensated for non-piece work in order to comply with California's minimum wage statutes.  Averaging wages over the workweek to meet minimum wage obligations is not permitted under the California Labor Code.

- 13 -

13.     Additionally, DEFENDANTS failed to compensate PLAINTIFF and members of the HOURLY CLASS for work performed during "excess commute" time and for time under the control of DEFENDANTS commuting to and from PLAINTIFF and members of the HOURLY CLASS' homes.

14.     Time "subject to the control of an employer" is compensable, regardless of whether the employee is "suffered or permitted to work." *Morillon v. Royal Packing Co.*, 22 Cal. 4th 575, 582 (2000) .

15.     PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and the PLAINTIFF CLASS for all wages earned was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.  DEFENDANTS knew or should have known that PLAINTIFF and the PLAINTIFF CLASS were working these hours.

16.     As a proximate cause of the aforementioned violations, PLAINTIFF and the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdictional minimum of this Court.  PLAINTIFF and the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, plus interest on that amount and liquidated damages pursuant to Labor Code section 1194.2.  PLAINTIFF and the PLAINTIFF CLASS are also entitled to recover reasonable attorney fees and costs of suit pursuant to Labor Code section 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### (CALIFORNIA LABOR CODE SECTION 1194)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS, including PIECE-RATE CLASS and HOURLY CLASS, against DEFENDANTS.

17.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in each of the preceding paragraphs.

- 14 -

18.     DEFENDANTS require PLAINTIFF and members of the PLAINTIFF CLASS to work more than eight (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per week.

19.     DEFENDANTS fail to fully compensate PLAINTIFF and members of the PLAINTIFF CLASS for all wages earned, including overtime wages. DEFENDANTS fail to pay Installers all the overtime pay for which they are entitled.

20.     For the PIECE-RATE CLASS, DEFENDANTS calculated overtime rates for Installers by weighing and averaging the mean compensation Installers receive. However, because DEFENDANTS did not pay Installers for the non-piece rate hours they work and Installers usually worked between 45 and 60 hours per week, DEFENDANTS failed to accurately assess how much was due in overtime wages to the Installers and, thus, failed to pay Installers accurate overtime wages.

21.     For the HOURLY CLASS, DEFENDANTS require Installers to log time spent in employee trainings, or "huddles," as "uptraining." "Uptraining" is not factored into Installers' total daily or weekly hours worked for purposes of computing overtime pay. Thus PLAINTIFF or members of the HOURLY CLASS are not paid overtime hours if they accrue more than eight hours of work per day, or 40 hours of work per week, due to their "uptraining" hours. Moreover, to the extent any unpaid time (as described above) constitutes overtime, DEFEDANTS fail to pay all overtime wages earned by the HOURLY CLASS.

22.     PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and the PLAINTIFF CLASS for all wages earned and overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

23.     As a proximate cause of the aforementioned violations, PLAINTIFF and the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdictional minimum of this Court.  PLAINTIFF and the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Section 558, plus interest,

1  reasonable attorney fees and costs of suit according to the mandate of California Labor Code, §

2  1194, et. seq.

3                              **THIRD CAUSE OF ACTION**

4                       **FAILURE TO PAY MEAL PERIOD COMPENSATION**

5                    **(CALIFORNIA LABOR CODE SECTIONS 226.7 AND 512)**

6      By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly

7          situated members of the PLAINTIFF CLASS, including the PIECE-RATE CLASS and

8                          the HOURLY CLASS, against DEFENDANTS.

9      24.    PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the

10  allegations contained in the paragraphs set forth above.

11     25.    DEFENDANTS fail to provide PLAINTIFF and members of the PLAINTIFF

12  CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5)

13  hours worked and to compensate them for these missed meal periods as required by law.

14     26.    PLAINTIFF is informed and believes, and thereon alleges that the failure of

15  DEFENDANTS to provide meal periods and to compensate PLAINTIFF and the PLAINTIFF

16  CLASS for these missed meal periods was willful, purposeful, and unlawful and done in

17  accordance with the policies and practices of DEFENDANTS' operations.

18     27.    As a proximate cause of the aforementioned violations, PLAINTIFF and members

19  of the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial,

20  but in an amount in excess of the jurisdictional minimum of this Court. PLAINTIFF and the

21  PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties,

22  including penalties available pursuant to California Labor Code Sections 226, 226.7 and 558, plus

23  interest, reasonable attorneys' fees and costs of suit according to the mandate of California Labor

24  Code, §§ 218.5 and 1194, et. seq.

25  \\\

26  \\\

27  \\\

28  \\\

                                        - 16 -

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY REST PERIOD COMPENSATION**

**(CAL. LABOR CODE § 226.7 & CAL. CODE REGS., TIT. 8, § 11040, subd. 12(A))**

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PIECE-RATE CLASS against DEFENDANTS.

28.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in the paragraphs set forth above.

29.     DEFENDANTS, throughout PLAINTIFF's employment with DEFENDANTS and until December 31, 2015, failed to give PLAINTIFF and the members of the PIECE-RATE CLASS rest periods as required by law and failed to compensate them for missed rest periods. DEFENDANTS did not provide rest periods in accordance with California law.  Employees paid on a piece-rate system must also be separately compensated for rest periods, which DEFENDANTS failed to do.  *See Bluford v. Safeway Stores, Inc.*, 216 Cal.App.4th 864 (2013). PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to provide rest periods and to compensate PLAINTIFF and the PIECE-RATE CLASS for these non-compliant rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

30.     As a proximate cause of the aforementioned violations, PLAINTIFF and members of the PIECE-RATE CLASS have been damaged in *an amount according to proof at time of trial*, but in an amount in excess of the jurisdictional minimum of this Court. PLAINTIFF and the PIECE-RATE CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.7 and 558, plus interest, reasonable attorneys' fees and costs of suit according to the mandate of California Labor Code, §§ 218.5 and 1194, et. seq.

\\\

\\\

\\\

\\\

- 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (CALIFORNIA LABOR CODE § 203)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

31.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in the paragraphs set forth above.

32.     Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code § 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

33.     Members of the PLAINTIFF CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS.  To this day, members of the PLAINTIFF CLASS have not received the wages and other compensation they rightfully earned.

34.     DEFENDANTS and each of them, willfully refused and continue to refuse to pay members of the PLAINTIFF CLASS all wages earned, including overtime compensation, in a timely manner, as required by California Labor Code § 203.  PLAINTIFF therefore requests restitution and penalties as provided by California Labor Code § 203.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

### (CALIFORNIA LABOR CODE § 226)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

35.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in the paragraphs set forth above.

36.     DEFENDANTS failed to provide PLAINTIFF and members of the PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor Code § 226.  The itemized

- 18 -

statements do not show the correct total gross wages earned, the correct net wages earned, or correct hours worked, among other deficiencies.

37.     PLAINTIFF and the PLAINTIFF CLASS have been injured by DEFENDANTS' intentional failure to provide accurate itemized statements in that PLAINTIFF and the PLAINTIFF CLASS will be required to spend more time and greater expense reconstructing their hours worked to determine the wages owed.

38.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS knowingly and intentionally provided inaccurate and incomplete payroll records.  As a result, PLAINTIFF and members of the PLAINTIFF CLASS are entitled to recover the greater of all actual damages and are also entitled to an award of costs and reasonable attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR BUSINESS PRACTICES**

**(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)**

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

39.     PLAINTIFF re-alleges and incorporates, by reference, as though fully set forth, the allegations contained in the paragraphs set forth above.

40.     DEFENDANTS'  violations of the Employment Laws and Regulations, as alleged herein, include, among other things: (1) DEFENDANTS' failure and refusal to pay all wages, including overtime and minimum wages, earned by PLAINTIFF and the PLAINTIFF CLASS pursuant to DEFENDANTS' illegal pay practices described above; and (2) DEFENDANTS' willful and deliberate failure to provide meal and rest periods as required by law or pay compensation in lieu thereof.  The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

41.     As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, the PLAINTIFF CLASS

- 19 -

and members of the public.  DEFENDANTS should be compelled to restore such monies to PLAINTIFF and the PLAINTIFF CLASS.

42.     DEFENDANTS' unfair business practices entitle PLAINTIFF and the PLAINTIFF CLASS to seek preliminary and permanent injunctive relief, including but not limited to, orders that the DEFENDANTS account for and restore to PLAINTIFF and the PLAINTIFF CLASS the compensation unlawfully withheld from them.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for relief as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     For general and compensatory damages, according to proof;

3.     For restitution of all monies due to PLAINTIFF and the PLAINTIFF CLASS and disgorgement of profits from the unlawful business practices of DEFENDANTS;

4.     For waiting time penalties pursuant to California Labor Code Section 203;

5.     For statutory penalties pursuant to California Labor Code §§ 226, liquidated damages pursuant to California Labor Code § 1994, and all other applicable Labor Code and/or Employment Laws and Regulations;

6.     For interest accrued to date;

7.     For costs of the suit incurred herein;

8.     For attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226, and 1194 as well as Code of Civil Procedure 1021.5; and

///

///

///

///

///

///

///

- 20 -

1

9.      For such other and further relief that the Court may deem just and proper.

2

Dated: October 14, 2016                     ALEXANDER KRAKOW + GLICK, LLP

3

4

5
By: /s/Michael Morrison
_____
 Michael S. Morrison
Attorney for Plaintiff

6
JOSHUA COBB

7
individually and on behalf of all others similarly
situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2        PLAINTIFF and members of the PLAINTIFF CLASS further request a trial by jury on all

3   issues so triable.

4

5

6   Dated: October 14, 2016              ALEXANDER KRAKOW + GLICK, LLP

7

8                                        By: /s/Michael Morrison
                                         _____
                                         Michael S. Morrison
9                                        Attorney for Plaintiff
                                         JOSHUA COBB
10                                       individually and on behalf of all others similarly
                                         situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**