**ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: mmorrison@akgllp.com

**Wucetich & Korovilas LLP**
Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA  90245
Telephone: 310.335.2001
Facsimile: 310.364.5201
Email: Jason@wukolaw.com
          Dimitri@wukolaw.com

Attorneys for Plaintiff JOSHUA COBB, individually and on
behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COBB, as an individual, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>DIRECTV, LLC;<br>AT&T Services, Inc.; and<br>DOES 1-25, Inclusive,<br><br>     Defendants. | Case No.: 4:16-CV-05964-JSW<br><br>(Assigned for all purposes to the Hon. Jeffrey S. White – Crt. 5)<br><br>**JOINT STATUS REPORT RE: MEDIATION**<br><br>CLASS ACTION (FRCP 23) |

- 1 -

To the Honorable Court:

On September 6, 2018, the Parties participated in a mediation before mediator Steven Rottman.  This matter was mediated at the same time as five other actions which are part of a California state court coordinated proceeding entitled "*Directv Wage and Hour Cases*" (Judicial Council Coordination Proceeding No. 4850).  Each of the cases that comprise the coordinated proceeding involve the same or similar class of persons as this case and have overlapping class and collective definitions.  The mediation resulted in a settlement in principle of the coordinated proceeding and this action.

Thereafter, the Parties executed a long form settlement agreement and went through the settlement approval process in Santa Clara Superior Court for the State of California.  On July 19, 2019, the Court entered an order granting final approval of the settlement.  Attached as Exhibit "1" is a true and correct copy of the July 19, 2019 Order and Judgment.

Accordingly, pursuant to the Parties' settlement agreement, this matter may be dismissed.

///
///
///
///
///
///
///
///
///
///
///
///
///

1

Dated: September 6, 2019                    ALEXANDER KRAKOW + GLICK, LLP

2

3                                          By: s/ Michael Morrison

4                                           Michael S. Morrison
                                            Attorney for Plaintiff
5                                           JOSHUA COBB
                                            individually and on behalf of all others similarly
6                                           situated

7

8

9

Dated: September 6, 2019                    GIBSON, DUNN & CRUTCHER LLP

10

11                                         By: s/ Jesse Cripps

12                                         Jesse A. Cripps
                                           Katherine V.A. Smith
13                                         Ashley Allyn
                                           Counsel for Defendant DIRECTV
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

**EXHIBIT 1**

1    **ALEXANDER KRAKOW + GLICK LLP**
     Michael S. Morrison, Esq. (SBN 205320)
2    1900 Avenue of the Stars, Suite 900
     Los Angeles, California 90067
3    T: 310 394 0888 | F: 310 394 0811
     mmorrison@akgllp.com
4

5    Jason M. Wucetich
     jason@wukolaw.com
6    Dimitrios V. Korovillas
     dimitri@wukolaw.com
7    **WUETICH & KOROVILLAS, LLP**
     222 North Sepulveda Boulevard, Suite 2000
8    El Segundo, California 90245
     T: 310 335 2001 | F: 310 364 5201
9    E: jason@wukolaw.com | dimitri@wukolaw.com
10

11   Attorneys for Plaintiff
     RYAN BENNETT and CARL BRITSCHGI
12

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/23/2019 3:08 PM
Reviewed By: R. Walker
Case #2014-1-CV-274709
Envelope: 3166005

13                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                         **COUNTY OF SANTA CLARA**

15                                        )  Case No. RG15774968
                                          )
16                                        )  JUDICIAL COUNCIL COORDINATION
17   **DIRECTV WAGE AND HOUR CASES**      )  PROCEEDING NO. 4850
                                          )
18                                        )
                                          )  **NOTICE OF COURT ENTERING**
19                                        )  **JUDGMENT RE MOTION FOR FINAL**
                                          )  **APPROVAL OF CLASS ACTION**
20                                        )  **SETTLEMENT**
21   ─────────────────────────────────   )

22

23   TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on July 19, 2019 at 9:00 a.m. in Department 19 of the

25   Superior Court of California, County of Santa Clara a hearing was held before the Honorable

26   Peter Kirwan.  All counsel in this matter appeared telephonically with the exception of Dennis S.

27

28                                            1
     ─────────────────────────────────────────────────────────────────────────
     NOTICE OF COURT ENTERING JUDGMENT RE MOTION FOR FINAL APPROVAL OF CLASS ACTION
                                        SETTLEMENT

1  Hyun, counsel for Plaintiff Duran, and Jesse A. Cripps, counsel for Defendant DirecTV, LLC,

2  who appeared in person. Honorable Peter Kirwan GRANTED the Motion for Final Approval.

3  The Order RE: Motion for Final Approval of Class Action Settlement is attached as Exhibit 1.

4

5  DATED:   July 22, 2019              ALEXANDER KRAKOW + GLICK LLP

6                                                   WUETICH & KOROVILLAS, LLP

7

8                                                   By: _____

9                                                         Michael S. Morrison
                                                          Attorneys for Plaintiff
10                                                        CARL BRITSCHGI and RYAN BENNETT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          2

**EXHIBIT 1**

F I L E D

JUL 1 9 2019

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____
_____DEPUTY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| DIRECTV WAGE AND HOUR CASES | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4850 <br><br> **ORDER RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The above-entitled action came on for hearing before the Honorable Peter Kirwan on July 19, 2019, at 9:00 a.m. in Department 19. The matter having been submitted, the Court orders as follows:

**I.     INTRODUCTION**

These coordinated putative class and PAGA actions arise out of various alleged Labor Code violations. Plaintiffs were employed by defendant DirecTV, LLC ("Defendant") as technicians in California.

The parties have reached a settlement. On March 11, 2019, the Court signed an order granting Plaintiffs' motion for preliminary approval of the settlement.[1] Plaintiffs now move for final approval.

---

[1] The settlement includes the following cases: (1) *Duran v. DirecTV, LLC* (Santa Clara County Case No. 1-14-CV-274709); (2) *Britschgi v. DirecTV, LLC* (Alameda County Case No. RG15774768); (3) *Bennett v. DirecTV, LLC* (Alameda County Case No. RG15774823); (4) *Garcia v. DirecTV, LLC* (Los Angeles County Case No. BC626175);

1

ORDER RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## II.   LEGAL STANDARD

Generally, "questions whether a settlement was fair and reasonable, whether notice to the class was adequate, whether certification of the class was proper, and whether the attorney fee award was proper are matters addressed to the trial court's broad discretion." (*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 234-235, citing *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794.)

> In determining whether a class settlement is fair, adequate and reasonable, the trial court should consider relevant factors, such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement."

(*Wershba v. Apple Computer, Inc., supra*, 91 Cal.App.4th at pp. 244-245, citing *Dunk, supra*, 48 Cal.App.4th at p. 1801 and *Officers for Justice v. Civil Service Com'n, etc.* (9th Cir. 1982) 688 F.2d 615, 624.)

"The list of factors is not exclusive and the court is free to engage in a balancing and weighing of factors depending on the circumstances of each case." (*Wershba v. Apple Computer, Inc., supra*, 91 Cal.App.4th at p. 245.)  The court must examine the "proposed settlement agreement to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." (*Ibid.*, quoting *Dunk, supra*, 48 Cal.App.4th at p. 1801 and *Officers for Justice v. Civil Service Com'n, etc., supra*, 688 F.2d at p. 625, internal quotation marks omitted.)

> The burden is on the proponent of the settlement to show that it is fair and reasonable.  However "a presumption of fairness exists where:  (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small."

(*Wershba v. Apple Computer, Inc., supra*, 91 Cal.App.4th at p. 245, citing *Dunk, supra*, 48 Cal.App.4th at p. 1802.)

---

(5) *Avila v. DirecTV, LLC* (Los Angeles County Case No. BC640701); (6) *Cobb v. DirecTV, LLC, AT&T Service, Inc.* (United States District Court, Northern District of California Case No. 4:16-cv-05964-JSW).

**III.   DISCUSSION**

The case has been settled on behalf of the following class:

> All current and former DirecTV LLC technicians (defined as all DirecTV employees who held the positions listed in Exhibit A hereto) in California from December 18, 2010 through the date of preliminary approval of the settlement by the Superior Court of California, County of Santa Clara.

(Stipulation of Class Settlement and Release, ¶ 3.)

For purposes of settling the PAGA claim, the PAGA Representative Group is defined as follows:

> All current and former DirecTV LLC technicians (defined as all DirecTV employees who held the positions listed in Exhibit A hereto) in California from December 16, 2013 through the date of preliminary approval of the settlement by the Superior Court of California, County of Santa Clara.

(Stipulation of Class Settlement and Release, ¶ 4.)

As discussed in connection with the motion for preliminary approval, Defendant will pay a total amount of $5,750,000. (Stipulation of Class Settlement and Release, ¶ 12.)  This amount includes $1,916,666.67 in attorneys' fees, up to $100,000 in actual litigation costs, incentive awards of $10,000 for each class representative, and up to $38,000 in class administration costs. (Stipulation of Class Settlement and Release, ¶ 13.)  An amount of $150,000 will be allocated to the PAGA claims and 75% of this sum will be sent to the Labor and Workforce Development Agency. (Stipulation of Class Settlement and Release, ¶ 13.)

Payments to class members will be calculated based on the total work weeks for each class member. (Stipulation of Class Settlement and Release, ¶ 13.)  Funds from settlement checks not cashed within 180 calendar days will be redistributed pro rata by mailing a second settlement check to class members who cashed their initial settlement check. (Stipulation of Class Settlement and Release, ¶ 15.)  Any of these funds not cashed after 90 days will be distributed to *cy pres* recipient Bet Tzedek. (Stipulation of Class Settlement and Release, ¶ 15.)

On April 17, 2019, notices were mailed to 3,845 class members. (Declaration of Jennifer M. Keough Regarding Settlement Administration ("Keough Decl."), ¶ 5.)  The notice was also sent by email to 416 class members for whom an email address was provided. (*Id.* at ¶ 6.)

ORDER RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    Ultimately, 47 notices remain undeliverable. (*Id.* at ¶ 7.)  On June 17, 2019, Defendant's counsel

2    notified the class administrator (JND Legal Administration) of two new class members who were

3    inadvertently omitted from the original class list.[2]  (*Id.* at ¶ 8.)  JND also established a toll-free

4    phone number and a website for the settlement.  (*Id.* at ¶¶ 9-10.)

5           As of June 25, 2019, there have been no requests for exclusion.  (Keough Decl., ¶ 15.)

6    There has been one objection (*Id.* at ¶ 12.)  The objector, Benjamin Corona, states the amount he

7    will receive under the settlement does not sufficiently compensate him for all of his unpaid time.

8    (See Keough Decl., Ex. A.)

9           Aside from the objection to the amount of his payment, there is no contention of any

10   other problems with the settlement.  There is no assertion the settlement was not reached in a fair

11   manner.  Moreover, the objector had the opportunity to opt-out of the settlement.  While there

12   was a large potential for recovery in this case, Plaintiffs have stated there are certain defenses

13   that could potentially leave class members with little or no remedy.  The Court previously found

14   that the proposed settlement is fair and the Court continues to make that finding for purposes of

15   final approval.  The objection is overruled.

16          Plaintiffs request service awards of $10,000 for each class representative.

17          The rationale for making enhancement or incentive awards to named plaintiffs is
            that they should be compensated for the expense or risk they have incurred in
18          conferring a benefit on other members of the class.  An incentive award is
            appropriate if it is necessary to induce an individual to participate in the suit.
19          Criteria courts may consider in determining whether to make an incentive award
            include: 1) the risk to the class representative in commencing suit, both financial
20          and otherwise; 2) the notoriety and personal difficulties encountered by the class
            representative; 3) the amount of time and effort spent by the class representative;
21          4) the duration of the litigation and; 5) the personal benefit (or lack thereof)
            enjoyed by the class representative as a result of the litigation.  These "incentive
22          awards" to class representatives must not be disproportionate to the amount of
            time and energy expended in pursuit of the lawsuit.

23

24   (*Cellphone Termination Fee Cases* (2010) 186 Cal.App.4th 1380, 1394-1395, quotation marks,

25   brackets, ellipses, and citations omitted.)

26

27

28
     ───────────────────────────
     [2] It is not clear whether these two new class members were provided proper notice and an opportunity to opt-out.
     The parties shall appear at the hearing on this motion to give this information to the Court.

                                                    4

1   The class representatives have submitted declarations in which they state they were active

2   participants in the lawsuit and provided class counsel with information and documents.

3   (Declaration of Victor I. Avila in Support of Plaintiffs' Motion for Final Approval of Class

4   Action Settlement and Application for Attorneys' Fees, Costs, Administration Costs and Class

5   Representative Enhancement Awards, ¶ 8; Declaration of Daniel Duran in Support of Plaintiffs'

6   Motion for Final Approval of Class Settlement, ¶ 5; Declaration of Ryan Bennett in Support of

7   Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, ¶ 7;

8   Declaration of Carl Britschgi in Support of Plaintiffs' Notice of Motion and Motion for Final

9   Approval of Class Action Settlement, ¶ 7; Declaration of Joshua Cobb in Support of Plaintiffs'

10  Notice of Motion and Motion for Final Approval of Class Action Settlement, ¶ 7; Declaration of

11  Christian N. Garcia in Support of Plaintiffs' Notice of Motion and Motion for Order Granting

12  Final Approval of Class Action Settlement, ¶ 6.)  In light of the effort and risk undertaken by the

13  class representatives, the Court finds the incentive awards are warranted.

14  The Court also has an independent right and responsibility to review the requested

15  attorneys' fees and only award so much as it determines reasonable.  (See *Garabedian v. Los*

16  *Angeles Cellular Telephone Co.* (2004) 118 Cal.App.4th 123, 127-128.)  Plaintiffs' counsel

17  requests attorneys' fees in the amount of $1,916,666.67 (one-third of the total settlement

18  amount).  Plaintiffs' counsel provides evidence demonstrating a combined lodestar of

19  $1,279,957.15, which results in a multiplier of 1.5.  Attorneys' fees of one-third of the common

20  fund are generally considered reasonable and the requested multiplier is not excessive given the

21  fact Plaintiffs' counsel took the case on a contingency fee basis.  The Court will approve the

22  fees.

23  Plaintiffs request $66,663.96 for actual incurred costs.  This amount is approved.

24  Plaintiffs request $38,000 in settlement administration expenses.  This is the actual amount for

25  fees and costs for administrating the settlement.  (Keough Decl., ¶ 20.)  This amount is also

26  approved.

27  The motion for final approval of class action settlement is GRANTED.

28

5

ORDER RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    The Court will set a compliance hearing for May 8, 2020 at 10:00 A.M. in Department

2    19.  At least ten court days before the hearing, class counsel and the settlement administrator

3    shall submit a summary accounting of the net settlement fund identifying distributions made as

4    ordered herein, the number and value of any uncashed checks, the status of any unresolved

5    issues, and any other matters appropriate to bring to the Court's attention.  Counsel shall also

6    submit an amended judgment as described in Code of Civil Procedure section 384, subdivision

7    (b).  Counsel may appear at the compliance hearing telephonically.

8

9    Dated:

10        7|19\19

Peter Kirwan
Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**EXHIBIT 2**

Envelope: 3158603

1

2   GIBSON, DUNN & CRUTCHER LLP
    JESSE A. CRIPPS, SBN 222285
3    jcripps@gibsondunn.com
    KATHERINE V.A. SMITH, SBN 247866
4    ksmith@gibsondunn.com
    333 South Grand Avenue
5   Los Angeles, CA  90071-3197
    Telephone:    213.229.7000
6   Facsimile:    213.229.7520

7   GIBSON, DUNN & CRUTCHER LLP
    ASHLEY ALLYN, SBN 254559
8    aallyn@gibsondunn.com
    3161 Michelson Drive
9   Irvine, CA  92612-4412
    Telephone:    949.451.3800
10  Facsimile:    949.451.4220

11  Attorneys for DIRECTV, LLC

12  (Additional Counsel listed on following page)

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/19/2019 12:12 PM
Reviewed By: R. Walker
Case #2014-1-CV-274709
Envelope: 3158603

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

|  |  |
|---|---|
| **DIRECTV WAGE AND HOUR CASES** | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4850[1] <br><br> Assigned to Hon. Peter H. Kirwan, Dept. 19 <br><br> [~~PROPOSED~~] **FINAL ORDER AND JUDGMENT** |

---

[1]  Included Actions: (1) *Duran v. DirecTV, LLC*, Superior Court of California, County of Santa Clara, Case No. 1-14-CV-274709; (2) *Britschgi v. DirecTV, LLC*, Superior Court of California, County of Alameda, Case No. RG15774968; (3) *Bennett v. DirecTV, LLC*, Superior Court of California, County of Alameda, Case No. RG15774823; (4) *Garcia v. DirecTV, LLC*, Los Angeles Superior Court, Case No. BC626175; (5) *Avila v. DirecTV, LLC*, Los Angeles Superior Court, Case No. BC640701

Gibson, Dunn &
Crutcher LLP ·

**Additional Counsel:**

Larry W. Lee
lwlee@diversitylaw.com
Nicholas Rosenthal
nrosenthal@diversitylaw.com

**DIVERSITY LAW GROUP, P.C.**
515 South Figueroa Street
Suite 1250
Los Angeles, CA 90071
(213) 488-6555 Telephone
(213) 488-6554 Facsimile
*Attorneys for Plaintiff Duran*

Dennis S. Hyun
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 South Figueroa Street
Suite 1250
Los Angeles, CA 90071-3316
(213) 488-6555 Telephone
(213) 488-6554 Facsimile
*Attorneys for Plaintiff Duran*

William L. Marder
bill@polarislawgroup.com
**POLARIS LAW GROUP, LLP**
501 San Benito Street
Suite 200
Hollister, CA 95023
(831) 531-4214 Telephone
(831) 634-0333 Facsimile
*Attorneys for Plaintiff Duran*

Sahag Majarian, II.
**LAW OFFICES OF SAHAG MAJARIAN**
18250 Ventura Blvd.
Tarzana, CA 91356
(818) 609-0807 Telephone
(818) 609-0892 Facsimile
*Attorneys for Plaintiff Garcia*

Walter Haines
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
(562) 256-1047 Telephone
(562) 256-4554 Facsimile
*Attorneys for Plaintiff Avila*

Michael S. Morrison
mmorrison@akgllp.com
**ALEXANDER KRAKOW+GLICK LLP**
1900 Ave. of the Stars
Suite 900
Los Angeles, CA 90067
(310) 394-0888 Telephone
(310) 394-0811 Facsimile
*Attorneys for Plaintiffs Britschgi, Bennett, and Cobb*

Jason M. Wucetich
jason@wukolaw.com
Dimitrios V. Korovilas
dimitri@wukolaw.com
**WUCETICH & KOROVILAS, LLP**
222 North Sepulveda Boulevard
Suite 2000
El Segundo, CA 90245
(310) 335-2001 Telephone
(310) 364-5201 Facsimile
*Attorneys for Plaintiffs Britschgi, Bennett, and Cobb*

Gregg A. Farley
gfarley@farleyfirm.com
**LAW OFFICES OF GREGG A. FARLEY**
880 Apollo Street
Suite 222
El Segundo, CA 90245
(310) 445-4024 Telephone
(310) 445-4109 Facsimile
*Attorneys for Plaintiff Garcia*

R. Craig Clark
Monique R. Rodriguez
**CLARK LAW GROUP**
205 West Date Street
San Diego, CA 92101
(619) 239-1321 Telephone
(888) 273-4554 Facsimile
*Attorneys for Plaintiff Avila*

# FINAL ORDER AND JUDGMENT

On July 19, 2019, this Court conducted a Final Approval Hearing on the settlement of this action. Having considered all filings in this matter to date, including Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the points and authorities and declarations submitted in support thereof, the Stipulation of Class Settlement and Release ("Settlement Agreement" or "Settlement") and exhibits, and the report submitted by the Settlement Administrator, and **GOOD CAUSE** appearing, **IT IS HEREBY ORDERED** that the Settlement is **GRANTED FINAL APPROVAL**.

The Court further finds and orders the following:

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2.      The terms of the Settlement Agreement are adjudged to be fair, reasonable, and adequate.

3.      The Parties shall effectuate the Settlement Agreement according to its terms and according to the terms of this Order.

4.      The Court directs the Settlement Administrator to issue settlement checks to Participating Class Members, according to the terms of the Settlement Agreement.

5.      Class Counsel's application for an award of attorneys' fees in the amount of $1,916,666.67 and for an award of costs in the amount of $66,663.96 is granted and shall be paid from the Gross Settlement Fund, according to the terms of the Settlement Agreement.

6.      Enhancement awards of $10,000.00 for each of the Class Representatives are adjudged to be fair, reasonable, and adequate and shall be paid from the Gross Settlement Fund, according to the terms of the Settlement Agreement.

7.      The allocation of one hundred and fifty thousand dollars ($150,000.00) as settlement of claims brought pursuant to the California Private Attorneys General Act ("PAGA")

1   is adjudged to be fair, reasonable, and adequate and shall be paid and allocated from the Gross

2   Settlement Fund, according to the terms of the Settlement Agreement.

3          8.     The Settlement Administrator's fees of $38,000.00 are adjudged to be fair,

4   reasonable, and adequate and shall be paid from the Gross Settlement Fund, according to the

5   terms of the Settlement Agreement.

6          9.     All members of the Settlement Class are hereby barred from prosecuting against

7   the Released Parties any of the Released Class Claims, according to the terms of the Settlement

8   Agreement.

9          10.    The objection submitted by class member Benjamin Corona is overruled.

10         11.    The claims of the Named Plaintiffs are hereby dismissed with prejudice, and the

11  Named Plaintiffs are barred from prosecuting against the Released Parties any of the Released

12  Claims, according to the terms of the Settlement Agreement.

13         12.    Judgment in this matter is entered in accordance with, and incorporates by

14  reference the terms of the Settlement Agreement.

15         13.    Without affecting the finality of the Judgment, the Court shall retain exclusive

16  and continuing jurisdiction over the above-captioned action and the parties, including all

17  Settlement Class Members, for purposes of enforcing the terms of the Judgment entered herein.

18

19  **IT IS SO ORDERED.**

20  Dated: 7|19|19

21                                              Hon. Peter H. Kirwan
                                                Santa Clara County Superior Court
22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California. My business address is ALEXANDER KRAKOW +GLICK LLP, 1900 Avenue of the Stars, Suite 900, Los Angeles, California 90067

On, July 23, 2019, following the ordinary business practices of ALEXANDER KRAKOW + GLICK LLP as set forth below, I served a true and correct copy of the foregoing document described **NOTICE OF COURT ENTERING JUDGMENT RE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** in a sealed envelope, with postage fully prepaid, addressed as follows:

### [SEE SERVICE LIST]

(X)   BY MAIL. I am readily familiar with ALEXANDER KRAKOW +GLICK LLP's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at ALEXANDER KRAKOW +GLICK LLP, 1900 Avenue of the Stars, Suite 900, Los Angeles, California 90067. The above envelope was placed for collection and mailing on the above date following ALEXANDER KRAKOW +GLICK's ordinary business practice. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposition for mailing.

(X)   VIA ELECTRONIC FILING SERVICE. Complying with CCP § 1010.6, my electronic business address is gham@akgllp.com and I caused such document(s) to be electronically served through Odyssey eFileCA system for the above-entitled case to those parties on the Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

()   VIA EMAIL. I sent said document(s) via electronic mail to the addressee.

()   VIA FEDEX. I delivered said documents via overnight delivery.

()   BY PERSONAL SERVICE. I caused delivery of said envelope by hand to the offices of the addressee(s).

(X)   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

()   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:        July 23, 2019                    _____

                                                              Noah Longo

## <u>SERVICE LIST</u>

<u>**CO-COUNSEL FOR PLAINTIFFS: Ryan Bennett and Carl Britschgi**</u>
Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Blvd., Ste 2000
El Segundo, California 90245
Tel: 310 335 2001
Fax: 310 364 5201

<u>**COUNSEL·FOR PLAINTIFF: Daniel Duran**</u>

Larry W. Lee, Esq.
Linda Lee, Esq.
Diversity Law Group, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
T:      213 488 6555
F:      213 488 6554

Dennis S. Hyun, Esq.
Hyun Legal, APC
515 South Figueroa Street
Suite 1250
Los Angeles, California 90071
T:      213 488 6555
F:      213 488 6554

William L. Marder, Esq.
Polaris Law Group
501 San Benito Street, Suite 200
Hollister, California 95023
T:      831 531 4214
F:      831 634 0333

<u>**COUNSEL FOR PLAINTIFF: Victor Avila**</u>
R. Craig Clark, Esq.
Monique R. Rodriguez, Esq.
CLARK LAW GROUP
205 West Date Street
San Diego, California 92101
T:      619 239 1321
F:      888 273 4554

<u>**COUNSEL FOR PLAINTIFF: Christian Garcia**</u>

Gregg A. Farley, Esq.
Law Offices of Gregg A. Farley
880 Apollo Street, Suite 222
El Segundo, California 90245
T:      310 445 4024
F:      310 445 4109

Sahag Majarian II, Esq.
Law Offices of Sahag Majarian
18250 Ventura Boulevard
Tarzana, California 91356
T:      818.609.0807
F:      818 609 0892

<u>**COUNSEL FOR DEFENDANTS: DirecTV, LLC**</u>
Jesse A. Cripps, Esq.
Katherine V.A. Smith, Esq.
Ashley Allyn, Esq.
Gibson Dunn & Crutcher LLP
333 S. Grand Avenue
Los Angeles, California 90071
T:      213 229 7000
F:      213 229 7520
Email: jcripps@gibsondunn.com

SERVICE

## CERTIFICATE OF SERVICE

I, Michael S. Morrison, an employee of the City of Los Angeles, certify that on September 6, 2019, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

### JOINT STATUS REPORT RE: MEDIATION

| **Counsel for Defendants** | Co-Counsel for Plaintiffs |
|---|---|
| Jesse A. Cripps, Esq. | Jason M. Wucetich, Esq. |
| Katherine V.A. Smith, Esq. | Dimitrios V. Korovilas, Esq. |
| Ashley Allyn, Esq. | Wucetich & Korovilas LLP |
| GIBSON, DUNN & CRUTCHER LLP | 222 N. Sepulveda Blvd., Suite 2000 |
| 333 South Grand Avenue | El Segundo, CA  90245 |
| Los Angeles, California 90071-3197 | T:    310.335.2001 |
| T:    213 229 7000 | F:    310.364.5201 |
| F:    213 229 7520 | E:     Jason@wukolaw.com |
| E:     jcripps@gibsondunn.com |        Dimitri@wukolaw.com |
|        Ksmith@gibsondunn.com | |
|        aallyn@gibsondunn.com | |

Dated: September 6, 2019          ALEXANDER KRAKOW + GLICK LLP

Wucetich & Korovilas LLP

By:   s/ Michael S. Morrison
      Michael S. Morrison
      Attorney for Plaintiffs
      JOSHUA COBB, individually and on behalf
      of themselves, all others similarly situated